# DECISIONS

OF THE

# COURT OF APPEALS

## OF KENTUCKY.

### SPRING TERM....1845.

Grimme *vs* Commonwealth.

ERROR TO THE FRANKLIN CIRCUIT.

*Retailing Spirits.*

JUDGE MARSHALL delivered the opinion of the Court.

PRESENT-
MENT.
*Case* 64.

April 9.

A presentment
for retailing
spirits, without
designating that
it was done in
any other place
than in the coun-
ty, is not good.

THE only question in this case is, whether a presentment for selling spirituous liquors by retail, with no other designation of place but the county, is good. We think it is not. For first, in the description of the offence contained in the various statutes, place is always introduced as a part of the definition; as in the 4th section of the act of 1793, (*Stat. Law,* 1499,) if any person shall sell, &c. in any house, booth, arbor, &c.; and in the 5th section of the act of 1820, page 1502, any person who shall sell, &c. in any booth, arbor, &c. So that if the place did not affect the grade of the offence, it might still be material to its proper specification. But second, there is a difference in the penalty inflicted for selling by retail in different places. The first of the sections above referred to, subjects the offence of selling in the places therein referred to, to a penalty of £3 or $10. The second imposes a penalty of twenty dollars. Upon comparing them it is seen that the last does not enumerate

all the places mentioned in the first, and the consequence is, that for selling in any place embraced in the first and not in the second of the sections, the penalty is $10, while for selling in any of the places mentioned in the other, it is $20, so that there is a substantial ground of discrimination; and as the last statute, in effect, repeals the first as to the places named in the last, the designation of place in the presentment, is necessary, in order to show under what statute the offence is charged, and to what penalty it is subject.

Wherefore, the judgment is reversed and the cause remanded.

*Hewitt* for plaintiff: *Cates, Attorney General,* for Commonwealth.