## THE STATE OF IOWA *v.* ROLLET.

6    535|<br>f110 219

Where an indictment charged the defendant with selling intoxicating liquors by the glass or dram, on the 14th of October, 1857 ; *Held,* That the district court had no jurisdiction of the offense charged, and no legal authority to render judgment against the defendant.

The saving clause in section three of the 12th article of the constitution of the State of Iowa, applies only to offenses committed before the same took effect.

Although the time laid in an indictment is not material, and need not be proved as laid, yet where the defendant pleads guilty to the offense alleged, the fact that the State was not confined to the exact time laid in the indictment, and might have proved that the offense was committed at a prior date, cannot operate to uphold the jurisdiction of the district court, not otherwise shown by the record.

Where a defendant pleaded guilty to selling intoxicating liquors by the glass or dram, and being adjudged to pay a fine of fifty dollars and costs of suit, and to stand committed until the fine and costs were paid, he paid the fine and costs before the taking of the appeal; *Held,* That the defendant was not estopped from assigning errors upon the judgment and proceedings of the district court.

*Appeal from the Lee District Court.*

WEDNESDAY, OCTOBER 13.

The record shows that to an indictment charging the defendant with selling intoxicating liquors by the glass or dram, he pleaded guilty, and was adjudged by the court to pay a fine of fifty dollars and costs of said suit, and to stand committed until the fine and costs were paid. It is further shown by the record, that the fine and costs were paid before the taking of the appeal. The indictment charged the offense to have been committed on the 14th day of October, 1857. The defendant appeals.

*J. M. Beck,* for the appellant.

*Samuel A. Rice,* Att'y General, for the State.

STOCKTON, J.—As the time is laid on the 14th of Octo-

ber, 1857, which was after the taking effect of the present constitution of the State of Iowa, the district court had no jurisdiction of the offense charged, and no legal authority to render judgment against defendant. Constitution, article 1, section 11. It is only to offenses committed before the taking effect of the present constitution, that the saving clause applies, which provides that they shall be subject to indictment, trial and punishment, in the same manner as if the new constitution had not been adopted. Constitution, article 12, section 3. Although the time laid in the indictment is not in general material, and need not be proved as laid; yet defendant only pleaded guilty to the charge of selling liquors on the 14th of October, when the new constitution was in force; and the fact that the plaintiff was not confined to the exact time laid in the indictment, and might have proved that the offense was committed before the adoption or taking effect of the new constitution, cannot, under the circumstances, operate to uphold the jurisdiction of the court, not otherwise shown by the record. The jurisdiction is excluded by the constitution, and by the provisions of the statute which affixes the punishment for the act to which the defendant pleaded guilty.

We think the defendant was not estopped from assigning errors upon the judgment and proceedings of the district court, by the fact that he had discharged the fine and costs imposed upon him by the judgment of the court, before taking his appeal.

Judgment reversed.