COMMONWEALTH *vs.* PATRICK MALONEY.

An allegation in a complaint that the defendant kept intoxicating liquors on September 10, 1870, with intent to sell them in violation of law, is not supported by proof of such keeping on September 10, 1872, the punishment for the offence having in the mean time been increased by law.

COMPLAINT for the illegal keeping of intoxicating liquor. The complaint alleged the keeping on the tenth day of September, in the year eighteen hundred and seventy.

At the trial upon appeal in the Superior Court, before *Rockwell*, J., the évidence was confined to a keeping on the 10th of September, 1872. The defendant objected that such evidence would not support the allegation in the complaint. The court overruled the objection, and the jury having returned a verdict of guilty the defendant alleged exceptions.

*C. Delano*, (*J. C. Hammond* with him,) for the defendant.

*C. R. Train*, Attorney General, for the Commonwealth.

MORTON, J. The complaint in this case alleges that the defendant on the tenth day of September, 1870, at Northampton, unlawfully kept intoxicating liquors with intent to sell the same. At the time laid in the complaint, the offence charged was punishable by fine and imprisonment, and in addition thereto the defendant was required to recognize to the Commonwealth in a sum not less than one thousand nor more than two thousand dollars, that he would not within a year violate any of the provisions of the laws relating to the manufacture and sale of intoxicating liquor. St. 1869, *c.* 415, §§ 36–59. By the St. of 1872, *c.* 317, which took effect on the first day of July, 1872, the punishment was so altered that the defendant might be required to recognize

in a sum not less than one hundred nor more than two thousand dollars, "with sufficient sureties."

The punishment which might be imposed under the St. of 1872 is greater in degree than that required by the St. of 1869, as it imposes upon the defendant the additional burden of furnishing sufficient sureties to his recognizance.

This being so, we are of opinion that the proof that the defendant kept intoxicating liquors with intent to sell the same, on the tenth day of September, 1872, did not sustain the allegations of the complaint.

It is true that generally, in criminal prosecutions, it is not necessary that the precise time alleged should be proved. But every indictment or complaint must allege a precise day, and the time alleged must be such that the record will show that an offence has been committed, and that the court may ascertain from it what punishment is to be imposed. When a statute makes an act punishable from and after a given day, the time of the commission of the act is an essential ingredient of the offence, to the extent that it must be alleged to have been after such day. So if a statute changes the punishment of an existing offence by imposing a severer penalty, with a clause saving from its operation offences already committed, the allegation of time is material. The nature and character of the offence, and the penalty affixed to it depend upon the time when the act charged is committed. If in such a case an indictment alleges the act to have been committed before the passage of the statute enlarging the penalty, the offence charged and the punishment annexed to it are different from the offence and punishment, if the act is committed after such time. They are different offences, and an allegation of one is not sustained by proof of the other. Otherwise the defendant would be exposed to a greater punishment upon a trial than he would be upon a plea of guilty.

In the case at bar, the offence proved was different from the offence charged in the complaint, and the defendant was entitled to the ruling requested, that the evidence did not support the complaint. *Exceptions sustained.*