The State v. Smouse.

THE STATE v. SMOUSE ET AL.

1. **Criminal Law:** INDICTMENT: PRACTICE. An indictment presented in the proper court and properly filed therein, is not invalid because of an indorsement thereon reciting that it was found in another county.

2. ———: ———: SURPLUSAGE. Where an indictment charges two offenses, but alleges that one of them was committed in another county, the latter allegation constitutes mere surplusage.

*Appeal from Washington District Court.*

SATURDAY, DECEMBER 7.

THE defendants were indicted and tried for the crime of causing a nuisance. David Smouse, Sr., and David Smouse,

Jr., were acquitted. C. W. Smouse was convicted. He now appeals to this court.

*A. C. McGerigan*, for appellant.

*J. F. McJunkin, Attorney General,* for the State.

ADAMS, J.—I. The indictment was found by the grand jury of Washington county. It contained, however, an indorse-

1. CRIMINAL law: indict- ment: prac- tice.

ment in these words: "Presented to the District Court of Jefferson county, State of Iowa, in open court, by the foreman of the grand jury, in the presence of the whole grand jury, and filed by me, the clerk of said court, this 28th day of November, 1877.

"J. A. CUNNINGHAM,

"Clerk of the District Court of Washington county, Iowa."

The defendants moved to set aside the indictment on the ground that it appeared upon its face that it had not been presented to the district court of Washington county, but had been presented to the district court of Jefferson county. The court overruled the motion, and the appellant assigns the same as error.

Section 4294 of the Code provides that an indictment, when found, must be presented by the foreman, in the presence of the grand jury, to the court, and marked "filed" by the clerk of the court. This means, of course, that it must be presented to the district court of the county in which the indictment is found, and marked "filed" by the clerk of such court. The indictment in question appears to have been filed by the clerk of the proper court, and it is not anywhere shown to us, nor claimed, indeed, that it was not presented to that court.

If it was so presented it is sufficient; and as the court must have known whether it was so presented or not we must assume that the court, in overruling the motion, acted upon its own knowledge that it was so presented.

The Attorney General suggests that probably a printed form of an indictment prepared for Jefferson county was used, and

The State v. Smouse.

that the necessary correction was not made in the name of the county. Whether the mistake occured in this way or not we do not think the indictment should have been set aside by reason of it.

II. The indictment contains two counts. In one the defendants were charged with causing a nuisance by the use of a certain building in the county of Washington, State of Iowa, for the purpose of unlawfully selling intoxicating liquors. In the other the defendants were charged with causing a nuisance by the use of a certain building in the county of Jefferson, State of Iowa, for the purpose of keeping intoxicating liquors with intent to sell them. The defendants demurred to the indictment on the ground that in it the defendants were charged with the 'crime of nuisance committed in the county of Jefferson as well as the county of Washington. But the first count was good, and the demurrer, being to the whole indictment, was properly overruled.

*2. ——: ——: surplusage.*

If the defendants had been charged with two crimes committed in Washington county the whole indictment would have been bad for duplicity. But the charge of a crime committed in Jefferson county was mere surplusage.

III. In the fourth instruction the jury was told that all who aid and abet in the commission of a public offense are equally guilty, whether present and doing the acts constituting the crime or not, and that if they should find that the defendants were jointly engaged in business and kept liquors as charged, to sell in violation of law, and one of the parties made the sales, if any there were made, then all would be equally guilty. The giving of this instruction is assigned as error. The appellant contends that there was no evidence that his co-defendants were engaged in the business, and that the instruction should not have been given for this reason. Whether this be so or not, we see no reason why the appellant should complain.

IV. The fifth instruction assumes that there was evidence from which the jury might find that liquors were kept for sale

in the grocery store of the defendants. The appellant contends that there was no such evidence. But one Ginther testifies to taking a keg of whisky to the grocery store, and to seeing it afterward there, and to seeing the appellant offer to treat with whisky. One Hughes also testifies to seeing the appellant sell whisky,

V. The defendants David Smouse, Sr., and David Smouse, Jr., moved the court to tax two-thirds of the costs to the county. The court overruled the motion, and the appellant assigns the same as error. David Smouse, Sr., and David Smouse, Jr., were acquitted, and no costs taxed to them. There is no reason why they should have made such motion, nor can the appellant complain that their motion was overruled. We see no error, and the case must be

AFFIRMED.