HENRY CHILDS *vs.* NEW HAVEN & NORTHAMPTON COMPANY.

Franklin.    Sept. 20. — 28, 1882.    ENDICOTT, LORD &˙FIELD, JJ., absent.

It is not necessary that the adjudication of county commissioners, upon the subject-matter of a petition presented by a person whose land has been taken for a railroad location, should be annexed to or made a part of the warrant for a jury subsequently issued by the commissioners, if a copy of the original petition is incorporated with the warrant.

An objection to the method adopted by a sheriff in empanelling a jury to assess the damages sustained by a person by the taking of his land for a railroad location, cannot be considered by this court, if the facts stated in the objection are not sustained by the certificate of the sheriff.

At the trial of a petition before a sheriff's jury, for an assessment of damages sustained by the petitioner by the taking of a portion of his land for a railroad location, it appeared that there was upon the petitioner's remaining land chestnut timber suitable for ties. The respondent offered evidence that there would be a greater demand for chestnut ties in the vicinity by reason of the construction of the railroad; and also offered evidence " of a convenient place of delivery at a new depot of said railroad." There was evidence of a station of another railroad more accessible from the petitioner's woodland by the distance of one third of a mile. The evidence offered was rejected. *Held,* that the respondent had no ground of exception.

PETITION to the county commissioners for a sheriff's jury, to assess the damages sustained by the taking by the respondent of the petitioner's land in Deerfield for a railroad location. The jury awarded the petitioner a certain sum, which verdict was accepted, and confirmed by the Superior Court; and the respondent appealed to this court. The facts appear in the opinion.

*C. Delano & J. A. Aiken,* for the respondent.

*G. D. Williams,* for the petitioner.

DEVENS, J.  1. The only objection to the record now insisted on is that the warrant for a jury did not have annexed to or made a part of it the adjudication of the county commissioners on that portion of the original petition which prayed that the respondent might be ordered to construct and maintain an opening through the embankment constructed on the petitioner's land, in such manner that the petitioner would be enabled thereby to have more convenient access to the portions of his land situated upon the easterly side thereof.  We do not consider this to have been necessary.  The warrant sufficiently set forth the subject matter of the inquiry by having incorporated with it a copy of the original petition, which informed the jury of the matter to be tried.  Pub. Sts. *c.* 49, § 38.  *Walker* v. *Boston & Maine Railroad,* 3 Cush. 1, 15.  It is true that the manner in which the respondent was to cross the petitioner's land, and whether it was to be required to maintain what is familiarly termed a "farm crossing," were not subjects of revision by the jury.  These had been finally determined by the commissioners.  Pub. Sts. *c.* 112, § 138.  But while the convenience or inconvenience of the manner in which the respondent was permitted to cross the petitioner's land was important in ascertaining the damages to be assessed in his favor, it was matter of evidence only.  Upon this subject the adjudication of the commissioners was competent to be submitted by either party.  In *White* v. *Boston & Providence Railroad,* 6 Cush. 420, and *Dwight* v. *County Commissioners,* 11 Cush. 201, cited by the respondent, which were petitions heard before sheriff's juries for the assessment of damages caused by the laying out of highways, the records of the proceedings of the commissioners, and their adjudications showing the establishment, direction, course and extent of the ways as located by them, were admitted in evidence, but an examination of the cases shows that they did not form a part of the warrants, nor were they annexed thereto.

2. The objection that there was error on the part of the sheriff in the method taken by him to secure the empanelling of the jury, cannot be considered.  The respondent objected that "one Elijah W. Smith, one of the jurors summoned to try the matter of said petition, having declined to serve, one Ansel A. Rankin, a person residing and being in Greenfield, was sent

for and substituted in place of said Smith on the jury." This objection was made before any evidence was introduced, but it nowhere appears that the facts existed as they are stated therein. These should have been shown by the certificate of the sheriff. They are not to be treated as proved because the objecting party asserts them. The importance of this rule is well illustrated in the present case by an examination of the return of the sheriff, which states the facts as to this matter quite differently in some important particulars. A bill of exceptions which recites only the rulings requested and those given, without stating the facts proved or the evidence introduced, cannot be sustained. *Canfield* v. *Canfield*, 112 Mass. 233. *Kittredge* v. *Russell*, 114 Mass. 67.

3. The benefit sought to be set off, where an application is made for damages, is such that it must be peculiar to the land taken, by reason of its actual improvement or advancement in value, as distinguished from those anticipated advantages which it is to share only in common with the lands of other citizens situated in the vicinity, such as would be derived from the increase, actual or prospective, in business activity and the general prosperity of a community. The latter are too contingent, indirect and remote to be brought into consideration in settling the question of damages to the petitioner for taking his particular parcel of land. *Meacham* v. *Fitchburg Railroad*, 4 Cush. 291. *Upton* v. *South Reading Branch Railroad*, 8 Cush. 600. *Dickenson* v. *Fitchburg*, 13 Gray, 546. In this view, the evidence that there would be a greater demand for chestnut ties in the vicinity by reason of the construction of the railroad was properly rejected, although it appeared that there was upon the petitioner's lot chestnut timber suitable for ties. Nor is it shown that the evidence " of a convenient place of delivery at a new depot of said railroad " was improperly rejected, or that the advantage that the petitioner could have or expect therefrom was in any way special, peculiar, or different from that which the whole community in that locality would-derive from the construction of this public work. It is true that in *Shattuck* v. *Stoneham Branch Railroad*, 6 Allen, 115, evidence of the location of a passenger station in the immediate vicinity of the land taken was held admissible. The certificate in the present case does not

show how near to the land taken the station of the respondent was to be. It is perhaps fairly to be inferred, from the fact that there was evidence of a station "of another railroad more accessible from the petitioner's woodland by the distance of one third of a mile," that it was not in its immediate vicinity. Certainly, the offer of the respondent does not show that, as located, it could have been of any special or peculiar benefit to the petitioner.                    *Judgment affirmed.*