## THE STATE V. REYELTS.

**Intoxicating Liquors :** NUISANCE : INDICTMENT : CHANGE OF REMEDIES AND PENALTIES DURING PERIOD COVERED BY INDICTMENT : CONVICTION FOR SINGLE SALE. The indictment for nuisance in this case charged unlawful sales of intoxicating liquors on divers days between the first day of January, 1884, and the finding of the indictment, which was May 4, 1886. An amendment to the statute, which took effect July 4, 1884, provides the remedy by injunction, and that one convicted under the statute should not be released under the poor-convict law. Another amendment, which took effect April 8, 1886, increases the penalties for maintaining nuisances of this character. *Held*—

(1) That, since the indictment sufficiently charged a nuisance, which was, under all the said statutes, alike an indictable offence ; and since the amendments only relate to penalties and proceedings to suppress the unlawful traffic, therefore the indictment was not bad on account of failing to allege under which statute the defendant was charged.

(2) That, since the evidence clearly showed unlawful sales after the first day of January, 1884, and before the eighth day of April, 1886, defendant was lawfully sentenced under the statute as it stood up to the last-named date.

(3) That an instruction that a single unlawful sale would warrant a conviction for the nuisance was not erroneous.

[ROBINSON and SEEVERS, JJ., *dissenting*.]

*Appeal from Cedar District Court.*—HON. L. G. KINNE, Judge.

FILED, MAY 22, 1888.

DEFENDANT was indicted and convicted of maintaining a nuisance by keeping a saloon for the unlawful sale of intoxicating liquors. He now appeals to this court.

*Hayes & Schuyler* and *Piatt & Carr*, for appellant.

*A. J. Baker*, Attorney General, for the State.

BECK, J.—I. The indictment charges sales made on divers days between the first day of January, 1884, and the finding of the indictment. The court instructed the jury that a single unlawful sale, if found by them, would warrant conviction on the indictment.

II. Subsequent to January 1, 1884, and before the day of the finding of the indictment, the time within which the crime in the indictment is laid, the statutes relating to the sales of intoxicating liquors were twice amended. The first amendment, taking effect July 4, 1884, provides for injunctions to restrain the manufacture and sale of intoxicating liquors, and that one convicted should not be released under the statute for the release of poor convicts from imprisonment. The second, taking effect April 8, 1886, increases the penalties for maintaining nuisances by keeping places for the unlawful sale of intoxicating liquors. There is a saving clause in each amendment to the effect that acts done and penalties incurred shall not be affected by the amendment, but shall be prosecuted and enforced under the prior statutes.

III. It is insisted that the indictment is bad, as it does not allege under which statute the defendant is charged, and therefore there can be no conviction. But it cannot be doubted that the indictment sufficiently charges a nuisance, which was, under all the statutes referred to, alike an indictable offense. The amendments only relate to penalties and punishments, and proceedings to suppress the sale of intoxicating liquors unlawfully made. These matters need not be averred or referred to in an indictment. The court simply looks at an indictment to discover if a crime be sufficiently charged. If it be, matters pertaining to punishment and proceedings to suppress the crime are for after-consideration. The indictment was, therefore, rightly held good by the district court.

IV. The defendant being properly put upon his trial on the indictment, his conviction is lawful if the evidence sufficiently shows that he is guilty of the

crime, charged as being committed before the amendatory act last above referred to took effect. Upon this question there can be no doubt. The testimony clearly shows sales of intoxicating liquors after the first day of January, 1884, and before the eighth of April, 1886, when the amendatory statute took effect. He was lawfully tried and convicted upon the indictment, and lawfully sentenced under the statute as it stood prior to the last amendment referred to in this opinion.

V. The district court rightly directed the jury that a single sale would warrant a conviction for the nuisance. The keeping of intoxicating liquors, with the intent to sell them contrary to law, is the act of defendant creating the nuisance. One sale will disclose the unlawful intent as well as the keeping. Hence upon one unlawful sale a conviction may be had for nuisance. This we understand is the recognized rule in this state. The conclusions we announce as applicable to the facts of this case are surely correct. The evidence shows, without dispute, that, during the whole time alleged in the indictment as the period in which the offense was committed, defendant maintained a saloon in which he kept intoxicating liquors, with the intent to sell them in violation of law. This case is readily distinguished, upon its facts, from *Com. v. Maloney*, 112 Mass. 283.

These considerations dispose of all questions in the case. The judgment of the district court is

AFFIRMED.

ROBINSON, J. (*dissenting*). — The indictment charges defendant with the crime of nuisance, committed " on the first day of January A. D. 1884, and on divers other days and times between that day and the finding of this indictment," etc., and was found on the fourth day of May, 1886. A demurrer to the indictment was overruled. Four witnesses testified to the procuring and drinking of liquor at defendant's saloon. Of these one does not fix the dates of the acts concerning which he testifies. The others say the times of

which they speak may have been after April 8, 1886. Among the instructions given to the jury was the following:

"If you find from the evidence that at any time between the first day of January, 1884, and the fourth day of May, 1886, and at the place charged, the defendant kept, used, or occupied the building as charged, and therein sold, or therein kept for sale, and with intent to sell, any whisky, then he would be guilty as charged; or if he sold or kept for sale therein any other article of liquor, and you are satisfied from the evidence that the same was an intoxicating liquor, then he would be guilty; and a single sale of any such liquors above enumerated would constitute the crime of nuisance."

Defendant duly preserved exceptions to the ruling on the demurrer, and to the giving of the paragraph of the charge quoted, and properly presents these rulings for review.

The indictment is required to be direct and certain as regards "the offense charged." Code, sec. 4298, par. 2; 1 Bish. Crim. Proc., sec. 543; 1 Whart. Crim. Law, secs. 299–304. It must charge the offense with such a degree of certainty as to enable the court to pronounce judgment, upon a conviction, according to the law of the case. Code, sec. 4305, par. 5; 1 Bish. Crim. Proc., sec. 77 *et seq.* "When, therefore, one stands before a court charged with particular acts, and the law has attached to them a specified punishment, or has made them in no degree punishable, the court cannot, without overturning fundamental justice, inflict on him a punishment not legally appropriated to them; and it makes no difference that he is in fact guilty of more than is charged, or that more is proved." 1 Bish. Crim. Proc., sec. 80. "The doctrine of the courts is identical with that of reason, namely, that an indictment must contain an allegation of every fact which is legally essential to the punishment to be inflicted." 1 Bish. Crim. Proc., sec. 81. "Every indictment must distinctly set down

each and every individual act and intent which, in matter of law, determines or influences the punishment; and not the least of the reasons for this is that it may guide the court in pronouncing the sentence." 1 Bish. Crim. Proc., sec. 538 ; see, also, secs. 507, 541 ; Bish. St. Crimes, sec. 444. "From necessity, an information which is so uncertain that upon a plea of guilty the court cannot know what punishment it may inflict, is bad on motion in arrest of judgment." *Vogel v. State*, 31 Ind. 66. The language used by the court in the case of *Com. v. Maloney*, 112 Mass. 284, is clear and pertinent, and is as follows: "If a statute changes the punishment of an existing offense by imposing a severer penalty, with a clause saving from its operation offenses already committed, the allegation of time is material. The nature and character of the offense, and the penalty affixed to it, depend upon the time when the act charged is committed. If, in such a case, an indictment alleges the act to have been committed before the passage of the statute enlarging the penalty, the offense charged, and the punishment annexed to it, are different from the offense and punishment if the act is committed after such time. They are different offenses, and an allegation of one is not sustained by proof of the other." To the same effect is *Grimme v. Com.*, 5 B. Mon. 263. Ordinarily, it is not necessary to state in the indictment the precise time at which an offense was committed. Code, secs. 4301, 4305, par. 4. But this court has held that the date, thus fixed, may determine the jurisdiction of the court (*State v. Rollet*, 6 Iowa, 535); and where perjury was charged to have been committed by means of a false oath taken before an officer named, but four days before such officer could have qualified under the statute, the indictment was held vulnerable to demurrer, and it was also held that such defect could not be cured by proving that the oath was in fact administered at a date later than that named in the indictment. *State v. Phippen*, 62 Iowa, 54.

It is said that the indictment charged the crime of nuisance, and that this offense was the same after that

it was before the amendments in question took effect. This is true, but a statute which increased the punishment of an offense already committed would be void as *ex post facto*. Const. U. S., art. 1, sec. 10 ; Const. Iowa, art. 1, sec. 21 ; Bish. St. Crimes, sec. 176 ; *State v. Squires*, 26 Iowa, 346. Therefore it is as necessary to distinguish between the unlawful acts committed before and those committed after the amendment increasing the punishment took effect, as though they related to crimes of different kinds. For all practical purposes, they constitute separate and distinct offenses. An examination of the authorities cited, and a consideration of the principles involved, lead me to the conclusion that the majority opinion is erroneous. The indictment should have restricted the alleged offense to time prior to the date on which the amendment increasing the punishment took effect. But I am of the opinion that its defect in this respect was not necessarily prejudicial. The alleged offense is charged to have been committed " on the first day of January, 1884, and on divers other days and times between that day and the time of the finding of this indictment." An allowable construction of this is that all which charges unlawful acts after the taking effect of the amendment aforesaid is surplusage, which should be rejected. 1 Whart. Crim. Law, secs. 266, 622, 624 ; *State v. Smouse*, 49 Iowa, 636, and 50 Iowa, 45. But it was the duty of the district court to restrict the evidence to the time properly covered by the indictment, and it therefore erred in giving the part of the charge quoted. It is a well-settled rule that no presumption can be created to aid in the conviction of a person on trial for a particular crime by showing that he has been guilty of other offenses. 1 Bish. Crim. Proc., sec. 1120 ; *State v. Walters*, 45 Iowa, 390. This case does not fall within the exceptions to that rule. The jury were told, in effect, if not in terms, that proof of a single sale after the eighth day of April, 1886, would sustain a verdict of guilty. In other words, the jury were told that no evidence of the crime charged by

the indictment was required, but that they might convict of that crime if another crime of like nature was shown to have been committed, although at a later date. It is not a satisfactory answer to say that defendant was not prejudiced by the matters of which he complains, for the reason that the mildest punishment provided for the crimes proven was adjudged. That is only another way of saying that, although the defendant was put upon trial for an offense of which he was not properly charged, in connection with one of which he was legally accused, and although it cannot be told from the verdict of what offense he was convicted, yet it satisfactorily appears that he ought to be punished for something; hence he ought not to be heard to complain. It seems clear that such a method of administering justice is dangerous in the extreme, and that it ought not to be sustained. It is the right of every one on trial for an alleged crime to know of what he is accused, and to be tried, and, if convicted, to be punished for that alone. I conclude that the case should be reversed.

SEEVERS, C. J., unites in this dissent.