The State v. Webber.

---

## THE STATE v. WEBBER.

1. **Liquor Nuisances**: INDICTMENTS : FORMER ACQUITTAL : CHANGE OF STATUTES.  Prior to April 8, 1886, the punishment for keeping a liquor nuisance was a fine not exceeding one thousand dollars, but no minimum was prescribed. ( Code, sec. 1523, as amended by chap. 143, Laws of 1884.) On the eighth of April, 1886, chapter 66, Laws of 1886 took effect, by which the penalty for the same offense was a fine not exceeding one thousand dollars and not less than three hundred dollars. After the taking effect of the latter statute, two indictments were found against defendant, in both of which, in substantially the same language, he was charged with keeping a liquor nuisance, but in the first one the time was laid prior to April 8, 1886, and in the second one it was laid after that time. He was first tried on the second one, and acquitted. *Held* that this acquittal was not a bar to the prosecution on the first one. The change of the statute, and the provision that it should not affect the prosecution of offenses committed under the former statute, takes the case out of the general rule that the state is not confined in its proof to the specific time charged in the indictment.

2. ———: BY PERSON HOLDING PERMIT: EVIDENCE OF INTENT. One who holds a permit to sell intoxicating liquors for certain purposes, but who keeps such liquors in his place of business with intent to sell them for unlawful purposes, is guilty of keeping a nuisance; and the fact that he sells for unlawful purposes is evidence that he keeps such liquors with unlawful intent.

*Appeal from Polk District Court.*—HON. JOSIAH GIVEN, Judge.

FILED, SEPTEMBER 10, 1888.

THE defendant was convicted of the crime of nuisance by the verdict of a jury, and the court pronounced a judgment against him, imposing a fine of one thousand dollars, and costs of the prosecution. Defendant appeals.

*W. S. Sickmon*, for appellant.

*A. J. Baker*, Attorney General, for the State.

REED, J.—The grand jury returned two indictments against defendant, in one of which he was accused of keeping and maintaining a building or place in which he kept intoxicating liquors with intent to sell the same contrary to law, and in which he sold such liquors contrary to law, and it was alleged that the offense was committed on the first day of July, 1885, and on divers other days between that and the sixth of April, 1886. The other indictment is in substantially the same language, with the exception that the offense is charged to have been committed on the ninth day of April, 1886, and on divers other days between that and the finding of the indictment, which was June 23, 1886. Defendant was first tried on this last-named indictment, and was acquitted. He then pleaded that judgment of acquittal in bar of the other indictment, but the district court sustained a demurrer to the plea, and on the trial, excluded the record of the judgment of acquittal, which defendant offered in evidence.

1. LIQUOR nuisances: indictments: former acquittal: change of statutes.

The State v. Webber.

The punishment prescribed for the crime of nuisance during the time covered by the terms of the indictment under which defendant was convicted was a fine not exceeding one thousand dollars, but no minimum was prescribed. Code, sec. 1543, as amended by chapter 143, Laws 20th Gen. Assem. On the eighth of April, 1886, an amendatory act took effect, under which the penalty for the offense is a fine not exceeding one thousand dollars, and not less than three hundred dollars (chapter 66, Laws 21st Gen. Assem.), and that statute was in force during the time covered by the terms of the other indictment. In *State v. Reyelts*, 74 Iowa, 499, we held that an indictment was good which was found after the amendatory act took effect, and by its terms covered a period both before and after that, and we sustained a conviction under such indictment, on the ground that the proof showed the offense to have been committed before the taking effect of that statute, and the punishment imposed was that prescribed by the statute in force when it was committed,—the fine imposed by the judgment being less than three hundred dollars. The thirteenth section of the act repeals all acts and parts of acts inconsistent with its provisions. However, it contains the following proviso, viz.: "This repeal shall not affect any act done, or right accruing or accrued, or which has been established, nor any action or proceeding commenced before the time this repeal takes effect; nor any offense committed or penalty or forfeiture incurred; and any suit or proceeding pending when the repeal takes effect, or thereafter brought, for any offense committed, or for recovery of a forfeiture or penalty incurred, prior thereto, shall be maintained and prosecuted under the law as in force prior to the taking effect of this act." By this provision the power is retained to punish for an offense against the statute as it existed before the repealing act took effect, even though the indictment is not found until afterwards; and it has not been denied that it is within the power of the general assembly to make such provision. The

The State v. Webber.

present indictment charges an offense committed under the former statute. By its terms the charge is confined to the period before the repeal. It is equally clear that the other indictment charges an offense under the statute of 1886, for by its terms it covers the period after that statute took effect. In determining whether a prosecution is barred by the judgment under a former indictment, the test is whether, if what is set out in the second indictment had been proven under the first, there could have been a conviction. · 1 Bish. Crim. Law, sec. 1052. Under this rule it is very clear, we think, that the acquittal under the former indictment is not a bar to the prosecution under this. As the defendant is accused specifically of an offense against the former statute, he could be subjected only to such punishment as it prescribes. He could not be convicted under that charge upon evidence that he had committed the prohibited acts after the statute was repealed, but such acts were punishable alone under the present statute. And the like is true of the former indictment. It charged an offense under the present statute, and defendant could be convicted and punished only under its provisions. He could not have been convicted upon proof of acts committed before its enactment. The change in the statute takes the case out of the general rule, that the state is not ordinarily confined in its proof to the specific time or date charged in the indictment. While it may not have been necessary for the state to allege specifically in the indictment that the offense was committed while the former statute was in force, but might have shown that fact by the proof, as we held in *State v. Reyells, supra,* yet as it did make that averment, and thus indicated which of the statutes it was proceeding under, and which penalty it was seeking to enforce, it would be confined in its proof to the time when that statute was in force.

The defendant proved that he held a permit from the board of supervisors for the sale of intoxicating

The State v. Webber.

2. ——; by person holding permit : evidence of intent. liquors covering the time specified in the indictment. There was evidence, however, which justified the jury in finding that he made sales of liquors in his place of business for purposes not authorized by his permit. It was contended that one holding such permit is not subject to the punishment prescribed for the crime of nuisance, even though he sells for an unlawful purpose, but that he is liable only for such penalties as are prescribed for specific sales for unlawful purposes, such as the forfeiture of his permit, and the forfeitures prescribed for sales to minors and intoxicated persons, and persons in the habit of becoming intoxicated. The law, we think, is clearly otherwise. The crime of nuisance is defined by section 1543, as amended by the acts referred to above. It declares that in case of violation of the three preceeding sections, the building in which the business is conducted shall be deemed a nuisance, which may be abated, and the person keeping the same shall be deemed guilty of nuisance, and upon conviction be subjected to the punishment prescribed. Section 1542 forbids the keeping of intoxicating liquors with intent to sell the same contrary to law. Under these provisions there can be no question that one holding a permit, but who keeps intoxicating liquors in his place of business with intent to sell them for unlawful purposes, is guilty of that offense. And the fact that he sells for unlawful purposes is evidence of the intent with which he keeps such liquors. We find no error in the record, and the judgment will be

AFFIRMED.