STATE OF IOWA, Appellant, v. CHARLES A. DALE.

**Habitual Criminal:** INDICTMENT. Acts Twenty-seventh General Assembly, chapter 109, makes it an indictable offense for one over 18 to be convicted of petit larceny a fourth time. It is not provided that the petit larceny laid in the indictment shall be one *committed after* three prior convictions. Other statutes, part of the same chapter, dealing with other offenses, expressly require a stated number of convictions. *Held,* whatever the rule might be after proofs are adduced, an indictment returned July 14, 1899, based on a larceny committed in May of 1898 and referring to three other convictions *later* in 1898 sufficiently charges the crime dealt with by said chapter 109, Twenty-seventh General Assembly. While all three must antedate the finding of the indictment, it is not necessary that the offense charged as a fourth should be the most recent.

**When Time is Essential:** EX POST FACTO LAW: *Indictment.* Code, section 5285, provides that the precise time at which an offense was committed need not be stated in the indictment, except where time is a material ingredient of the offense. Acts Twenty-seventh General Assembly, chapter 109, was approved March 31, 1898, but did not take effect until July 4th of that year. It provides that any person who has been three times before convicted of larceny of property not exceeding $20 in value shall, on a fourth conviction, be punished by imprisonment in the penitentiary. Prior to the act the offense of petit larceny was triable only on information before a justice. *Held* that, since the act cannot operate ex post facto, the time of the commission of the offense is an essential ingredient thereof, and the district court has no jurisdiction of an indictment charging an offense thereunder committed prior to the time when the act went into effect.

*Appeal from Butler District Court.*—HON. JOHN C. SHERWIN, Judge.

WEDNESDAY, JANUARY 17, 1900.

DEFENDANT was indicted for the crime of being a common thief. He demurred to the indictment, and his demurrer was sustained. The state appeals.—*Affirmed.*

*Millon Remley,* Attorney General, and *Geo. A. McIntyre* for the State.

No appearance for appellee.

DEEMER, J.—The indictment was evidently found under section 2 of chapted 109 of the Acts of the Twenty-seventh General Assembly, which reads as follows: "Any person over the age of eighteen years who has been three times convicted of larceny where the value of the property stolen did not exceed twenty dollars, upon being convicted the fourth time of said offense shall be imprisoned in the penitentiary not exceeding three years, provided such former judgments shall be referred to in the indictment, stating the court, date and place of rendition." It charges the defendant with the crime of petit larceny, alleged to have been committed on the fifteenth day of May, 1898, by taking and carrying away one rope, of the value of $1.50. It also charges that the defendant was convicted of petit larceny before a justice of the peace on three separate occasions, to-wit, June 21, 1898, June 21, 1898, and November 25, 1898. This indictment was returned July 14, 1899. The demurrer was on the grounds: *First,* that the convictions were all subsequent to the alleged offense; and, *second,* that the court had no jurisdiction of the offense charged, as it is simply a misdemeanor, triable before a justice of the peace on information. One of the questions is, must the offense charged, in order to be indictable, be committed after prior convictions for petit larceny, or is it enough that there have been three convictions prior to the finding of the indictment? Had the indictment been found under section 4846 of the

Code, there would be no doubt of the correctness of the court's ruling, for that section expressly recognizes that the third offense therein referred to is one committed after two antecedent convictions. But the statute under consideration does not so provide. It says that any person three times convicted shall, on being convicted the fourth time, be imprisoned, etc., and states what the indictment shall contain; i. e. "such former judgments shall be referred to in the indictment, stating the court, date and place of rendition." Having set forth in the indictment all that the statute requires, it was not vulnerable to attack on the first ground set forth in the demurrer. What the rule would be after proofs were adduced, we have no occasion to determine. Under the indictment the state was at liberty to show that the offenses of which the defendant had been convicted were committed prior to the one charged in the indictment, and, if that were necessary, would be entitled to a verdict of guilty. The statute does not, in terms, require that the convictions should antedate the offense charged. They must, of course, precede the finding of the indictment, and defendant's conviction under the indictment must be the fourth one; but there is no express requirement that the convictions antedate the commission of the offense charged, as in section 4846 of the Code. What reason is there for adding something to the language of the statute? The punishment, it seems, is for the fourth conviction, without reference to the order of time of the commission of the acts, except that the convictions must precede the finding of the indictment. From a reading of the whole chapter in which this section is found, it is clear that it was not the intention of the legislature that the previous convictions should antedate the commission of the fourth offense; for, in referring to other offenses than larceny, it expressly says that the subsequent conviction shall be for a crime committed after a certain number of prior convictions. In referring to larceny, however, this provision is omitted, and we think this must have

been purposely done. The theory of warning convictions does not seem to have found lodgment in the legislative mind in fixing the nature of the offense charged, and, as the statute expressly states what the indictment must contain, a presentment following the language of the statute as to prior convictions should be held sufficient.

II. The other question in the case* is: "Had the district court jurisdiction of the offense charged, or was it simply a misdemeanor, triable before a justice of the peace on information?" That question is not argued by the state, and, as we have no argument for appellee, it must be decided without the aid of suggestions from either side. The act to which we have referred was approved by the governor March 31, 1898, but, as there was no publication clause, it did not take effect until the fourth day of July of that year. The indictment charges that the offense was committed on the fifteenth day of May, 1898. Now, the Code (section 5285) provides that "the precise time at which the offense was committed need not be stated in the indictment, but it is sufficient if it allege that it was committed at any time prior to the finding thereof, except where time is a material ingredient of the offense." Ordinarily, the time as laid in the indictment need not be proved. The prosecution may prove the commission of the offense at any time prior to the finding of the indictment, and within the statute of limitations. When time is a material ingredient, however, it must be alleged, and proved as alleged. Thus, in *State v. Phippen*, 62 Iowa, 54, where defendant was accused of the crime of perjury by taking an oath before a certain person as an officer at a time when, by law, he was not authorized to administer oaths, and before he became entitled to enter upon the discharge of the duties of his office, it was held that the indictment was bad on demurrer. Again, in *State v. Webber*, 76 Iowa, 686, it was held that time was material in charging one with the crime of keeping a liquor nuisance,

where there was a change in the law relating to the penalty imposed for such offense between the time when the act was said to have been committed and the finding of the indictment. In *State v. Rollet,* 6 Iowa, 535, it is held, in effect, that, if the jurisdiction of the court depends on the time when the offense is committed, the exact time must be stated; and the fact that the state was not confined to the exact time laid in the indictment, and might have proved that the offense was committed at a prior date, cannot operate to uphold the jurisdiction of the district court, not otherwise shown by the record. While *State v. Reylets,* 74 Iowa, 499, seems on a cursory reading, to announce a different conclusion, yet we think, when the case is carefully analyzed, it will be found to be in harmony with those heretofore cited. In that case there was a change in the punishment for the offense charged, and it was held that the indictment need not show whether the offense was committed prior or subsequent to such change. The offense there charged was at all times indictable, and the only change made by the statute was in the punishment to be inflicted. The case was decided by a bare majority of the court, and, in so far as it is in conflict with the *Webber Case, supra,* must be considered as overruled. If time is necessary to be considered in determining the jurisdiction of the court, it is a material ingredient of the offense. It is clear that the defendant could not be convicted under the act of the Twenty-seventh General Assembly because he had committed a petit larceny prior to the time that the act went into effect. A statute which increases the punishment of an offense already committed is unconstitutional and void, because *ex post facto.* See Constitution United States, article 1, section 10; Constitution Iowa, article 1, section 21; Bishop Crimes, section 176; *State v. Squires,* 26 Iowa, 346. As already said, the allegations of the indictment do not make out a crime under section 4846 of the Code. Prior to the enactment of the statute in question, the offense charged was petit larceny, triable on information before a justice of

the peace. It was not indictable unless committed after that act took effect. The time, then, when the offense was committed, was a material ingredient of the offense. The indictment charges that it was committed on the fifteenth day of May, 1898, which was before the act in question took effect, and the district court did not have jurisdiction. The demurrer was properly sustained on the second ground, and the judgment of the district court is AFFIRMED.

SHERWIN, J., having tried the case in the court below, taking no part. GRANGER, C. J., not sitting.