Lee Durst v. The State.

No. 5410.  Decided June 11, 1919.

Rehearing granted October 8, 1919.

1.—Assault and Battery—Recognizance—Punishment Assessed.

Where, the recognizance failed to set out the amount of punishment assessed, and the appeal was dismissed but the matter having been cured, the same is reinstated.

2.—Same—Jurisdiction—District Court—County Court—Justice Court.

Where the jurisdiction of the Criminal District Court was limited to misdemeanors in which the County Court had original exclusive jurisdiction, the offense of simple assault of which the County Court has concurrent jurisdiction with the Justice Court, the said Criminal District Court had no jurisdiction to try the same.

Appeal from the Criminal District Court of Bowie.  Tried below before the Hon. P. A. Turner, judge.

Appeal from a conviction of simple assault; penalty, a fine of twenty-five dollars.

The opinion states the case.

O. B. Pirkey, for appellant.—Cited Davis v. State, 23 S. W. Rep., 892; Austin v. State, 40 S. W. Rep., 724.

E. A. Berry, Assistant Attorney General, for the State.

DAVIDSON, Presiding Judge.—This conviction was for assault and battery. The appeal must be dismissed for want of a sufficient recognizance.  The statute requires the recognizance must set out in the face of  it the amount of punishment assessed against appellant.  This recognizance fails to do this.

The appeal, therefore, will be dismissed.

Dismissed.

ON REHEARING.

October 2, 1919.

DAVIDSON, Presiding Judge.—The appeal herein was dismissed for want of matters showing that the jurisdiction of this court had attached.  These matters have been cured.  The case will be re-instated and disposed of upon the question suggested for revision.

Appellant was informed against in the County Court for simple assault.  Pending prosecution in that court the Legislature at its Fourth Called Session created a Criminal District Court for Bowie

39—85 T. C. R.

county, ousting the County Court of Jurisdiction as a trial court and conferring upon the Criminal District Court original jurisdiction to try all misdemeanors in which the County Court had exclusive original jurisdiction. This being a simple assault, the County Court did not have such jurisdiction. Its authority to try a simple assault was only concurrent with the justice court. As the Legislature limited the jurisdiction of the Criminal District Court to misdemeanors in which the County Court had original exclusive jurisdiction, this case did not fall within that category, and, therefore, the Criminal District Court did not have authority to try it. Just how the case got into the Criminal District Court is a matter of speculation. There is no order of transfer from the County Court to the Criminal District Court, but this, under the view we take of the case, will be immaterial as the Criminal District Court could not entertain jurisdiction to try it whether there was an order of transfer or not, the Legislature having limited its authority to that class of misdemeanors in which the County Court had exclusive original jurisdiction.

The judgment will be reversed and the cause dismissed.

*Dismissed.*