### BOB MORROW v. THE STATE.

No. 5590. Decided December 3, 1919.

**1.—Scire Facias—Bail Bond—Practice on Appeal.**

Where the principal in a bail bond was arrested under a *capias* after the return of the indictment, the sheriff was not authorized to take the bail bond without a legal order of the court, and the bond taken theretofore under the writ of *habeas corpus* was of no effect; the indictment charging a capital offense.

**2.—Same—District Court—Jurisdiction—Transfer—Motion to Quash.**

Where the District Court which approved the bail bond had no jurisdiction, inasmuch as that the case had not been transferred from another District Court, it had no jurisdiction to enter an order of forfeiture of same. Following: Walker v. State, 214 S. W. Rep., 331, and other cases, and the motion to quash the bond should have been sustained. Following: Ex parte Wilson, 20 Texas Crim. App., 498, and other cases.

Appeal from the Criminal District Court of Bowie. Tried below before the Hon. P. A. Turner, judge.

Appeal from proceedings on forfeited bail bond in the penal sum of $5000.

The opinion states the case.

*Joe Hughes,* for appellant.—On question of want of jurisdiction: Walker v. State, 214 S. W. Rep., 331, and cases cited in opinion.

On question of motion to quash: Ex parte Kirby, 63 Texas Crim. Rep., 377, 140 S. W. Rep., 226, and cases cited in the opinion.

*Alvin M. Owsley,* Assistant Attorney General, for the State.

DAVIDSON, Presiding Judge.—This is a *scire facias* proceeding. A brief history of the case may be thus stated: On April 16, 1918, appellant Morrow was charged in the Justice court by complaint with killing Patterson. On the preliminary trial Morrow was remanded to jail without bail. On May 6th, on a *habeas corpus* trial before Hon. H. F. O'Neal, Judge of the Fifth Judicial District, he was admitted to bail in the sum of five thousand dollars for his appearance before the District Court of Bowie county to answer said complaint presented in the Justice Court, which bond was made by the defendant and he was released pending action of the grand jury of the District Court of Bowie county. On June 17th the grand jury of said District Court returned a bill of indictment charging appellant Morrow with the offense of murder. On June 26th Morrow was arrested by the sheriff of Bowie County, on a *capias* issued out of the District Court of Bowie county, and on June 26th entered into a bail bond with three sureties, Spear, Scherer, and Sins, which bound him to appear before the Criminal District Court of Bowie county.

At the time the bond was executed and approved no *habeas corpus* proceeding had been had after the indictment was found, and no order made by a judge or court granting the defendant bail, except the previous order of Judge O'Neal entered at the *habeas corpus* trial. This bond on December 9, 1918, was forfeited. *Scire facias* proceedings followed. A judgment was rendered against the principal and his bondsmen, and on April 8, 1919, this judgment was made final. We are of opinion that this bond was without authority of law. When the principal, Morrow, was arrested under a *capias,* after the return of the indictment, the sheriff was not authorized to take bond. This was a murder indictment, and upon Morrow being arrested under the indictment, the bond taken theretofore under the writ of *habeas corpus* proceeding was of no effect. In a murder case the sheriff is not authorized to fix and take bond. The indictment charged a capital offense on its face. In order to authorize a bond in such case it would take a proper and legal order of a court of competent jurisdiction.

Another proposition we think is well taken, that is, that the Criminal District Court of Bowie county did not have jurisdiction at the time of the forfeiture to take such forfeiture. The act creating that District Court (see Walker v. State, 214 S. W. Rep., 331) went into effect about the 26th of June. See also Durst v. State, 215 S. W., 221. The bond was approved on that day. There is no order by Judge O'Neal transferring the case from the Fifth Judicial District, over which he presided, to the Criminal District Court created by the recent act of the Legislature. This was necessary to confer jurisdiction upon the Criminal District Court. While the Criminal Dis-

trict Court legally could be a court on the 26th of June, yet it had no jurisdiction and could acquire none until there had been a transfer of the case from the Fifth District to the Criminal District Court. From the record it appears that for more than two months after the Act of the Legislature went into effect there was not an incumbent in the office of Criminal District Judge. We are, therefore, of opinion that the Criminal District Court did not have jurisdiction to enter the order of forfeiture. See Walker v. State, 85 Texas Crim. Rep., 482; Durst v. State, 85 Texas Crim. Rep., 609; Acts Fourth Called Session, 35th Legislature, pp. 48 to 51, Sec. 15; McGee v. State, 11 Texas Crim. App., 520; General Bonding Casualty Co. v. State, 73 Texas Crim. Rep., 649; Brown v. State, 6 Texas Crim. App., 188; Cassidy v. State, 4 Texas Crim. App., 96.

Motion was made to quash the bond executed by appellant Morrow with his sureties and given to the sheriff under the circumstances above mentioned. We are of opinion this motion should have been sustained. The bond was without authority of law. See Harris' Ann. Constitution, Sec. 11, pp. 106 and 389; Vernon's C. C. P., Arts. 216 and 217; Ex parte Kirby, 63 Texas Crim. Rep., 377, 140 S. W. Rep., 226; Ex parte Wilson, 20 Texas Crim. App., 499.

There are other questions presented by the record which we think are well taken but unnecessary to discuss in view of what has been said.

The judgment will be reversed and the cause remanded.

*Reversed and remanded.*