## G. R. FULTON v. THE STATE.

No. 13624. Delivered November 5, 1930.
Rehearing granted January 7, 1931.
Reported in 34 S. W. (2d) 281.

The opinion states the case.

*Anderson & Jones* of San Angelo, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MARTIN, JUDGE.—Offense, wife desertion; penalty, two years in the penitentiary.

The prosecuting witness, Mrs. Nola Fulton, testified in substance that she married appellant on the 17th day of June, 1928, and that he deserted her on the 5th day of September of the same year, since which time he had not contributed to her support and that she had since that time been in destitute circumstances. She further testified to ownership of property consisting of money amounting to about $4800.00 at the time of her marriage. This was shown to have come into possession of appellant. After obtaining her money, he apparently deserted her. Her testimony was corroborated and is deemed amply sufficient to show the guilt of appellant.

The indictment was presented on November 8, 1929, and alleged that the offense was committed on or about the 5th day of September, 1928, and anterior to the presentment of the indictment.

Among other grounds, the appellant insists that the Court was without jurisdiction because on the date of the alleged offense, to-wit, September 5, 1928, the offense was only a misdemeanor. The State did not allege an exact date and is not bound by the date alleged. The time when the offense was committed must be proven, but the exact date alleged in the indictment need not be proven. All that is necessary is that the time of the commission of the offense be proven and that it be a date anterior to the presentment of the indictment and not so remote as to show that the prosecution for the offense is barred by limitation. Cudd v. State, 28 Tex. Crim. App. 124; Arcia v. State, 28 Tex. Crim. App. 198; Temple v. State, 15 Tex. Crim. App. 304; Collins v. State, 5 Tex. Crim. App. 37. See particularly Ex parte Mitchum, 91 Tex. Crim. Rep. 65.

Objection was made to the admissibliity of certain checks of appellant which tended to show that he came into possession of money belonging to prosecuting witness at a date prior to June 15, 1929. It is insisted that all of such testimony was immaterial, particularly so because its date was prior to the time the offense charged became a felony. The Court specifically instructed the jury that appellant could not be convicted for any offense committed by him prior to June 15, 1929. The testimony, we think, was admissible, though the felony statute had not gone into effect, since two of the issues were whether or not prosecuting witness was in destitute or necessitous circumstances and whether or not the desertion, if any, was wilful. This and other testimony of like character objected to tended to prove both of these issues and was sufficiently connected with the date of the offense proven which was subsequent to June 15, 1929, as to make admissible. Noodleman v. State, 74 Tex. Crim. Rep. 611; Curd v. State, 86 Tex. Crim. Rep. 552; Reid v. State, 88 Tex. Crim. Rep. 364.

Objection was also made to proof of the contents of a will which purported to devise property to another made after appellant's arrest. This was likewise admissible as against the objections urged since it tended to show that appellant had property with which he might have supported prosecuting witness. The contents of the will and letter were written by accused and forwarded to his wife. Both of these documents were read by the jailer, who testified to same. They were sent to a foreign jurisdiction. Since under the circum-

stances a notice to produce would have been useless, the State might prove the contents of the will and the letter without such notice. Underhill's Crim. Evid. (3d Ed.), Paragraph 95; Williams v. State, 4 Ala. App. 92; Bennett v. Commonwealth, 186 S. W. 933.

Finding no error in the record, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

HAWKINS, J., absent.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—It is to be regretted that there was no brief on file in this case in behalf of appellant when first considered, by which our attention might have been called to the matters now urged in the motion for rehearing.

To make plain our conclusions we re-state facts essential. The Legislature in June 1929 redefined the offense of deserting and failing to support a wife and child, and changed the penalty for such offense, making same a felony. It had theretofore been a misdemeanor. On November 8, 1929, this appellant was indicted for deserting and failing to support his wife. The date of the offense is alleged in the indictment as September 5, 1928. As stated above, the desertion and failure to support a wife at that date was a misdemeanor.

For some reason when this indictment was returned into the district court of Tom Green county, the court did not direct that said indictment be filed in the county court of said county, but retained jurisdiction, and later tried this appellant, who was convicted of a felony. Upon the trial the court below instructed the jury that they could not consider, in determining appellant's guilt of such felony, any testimony of occurrences prior to june 15, 1929, same being the date on which the law making said offense a felony, became effective.

In our opinion the action of the trial court in retaining jurisdiction of this indictment, and in charging the jury upon the trial of this case that they could convict this appellant of a felony, was without warrant of law.

The point involved is somewhat novel in this State, but seems to have been decided in many cases before the courts of last resort in other states. We refer to some of them.

In Commonwealth v. Maloney, 112 Mass. 283, it is said: "When a statute makes an act punishable from and after a given date, the time of the commission of the act is an essential ingredient of the offense to the extent that it must be alleged to have been done after that date." The Mississippi statute relative to carrying arms was amended March 9, 1888, altering the elements of the offense and the penalty. In Hodnett v. State, 66 Miss. 26, 5 So. 518, the court below followed the statement in its opinion,—that in considering a motion to quash, the indictment must be taken to correctly state facts, including the time,—quoting Bishop's Crim. Proc., Vol. 1, Sec. 403,—with the statement that if at the time alleged the act was not then the offense intended to be charged at the time of the return of the indictment, such indictment would be bad. In State v. Massey, 97 N. C. 465, the court holds that if the time laid in the indictment is anterior to the taking effect of an amendment changing the law, the indictment will not be upheld. In State v. Dale, 110 Ia. 215, 81 N. W. 453, the court holds in such case that the time of the commission of the offense is an essential ingredient thereof, and that the district court has no jurisdiction to try one for an offense charged to have been committed prior to the time when the act went into effect. In a case where it appeared that the law governing the prosecution became operative on June 5, 1899, the court held an indictment bad which was returned May 24, 1900, and alleged the offense to have been committed *within twelve months last past.* Commonwealth v. Aultmire, 22 Ky. L. Rep. 511, 58 S. W. Rep. 369. In Pennsylvania it is held that the date laid in an indictment must be one subsequent to the taking effect of the statute involved. Commonwealth v. Nailor, 29 Pa. Sup. Ct. 271. In Cool v. Commonwealth, 94 Va. 799, it is held that in a case where a statute had been enacted making a misdemeanor of what had theretofore been a felony, a subsequent indictment should have alleged a date after such amendment became operative. In McIntyre v. State, 55 Ala. 167, the court holds that an indictment for an offense created by statute passed the same year as that of the return of the indictment, should have alleged that the offense was committed on a date subsequent to the enactment of the law. See also Glenn v. State, 158 Ala. 44. In Thorp v. State, 64 Fla. 154, 59 So. 193, it is held that when the punishment of an offense has been changed

by recent statute, the date alleged in an indictment later returned should be one subsequent to the date of such enactment. The language of Byrd v. State, 151 S. W. Rep. 1069, seems to recognize the correctness of this rule, though in that case the date laid was one subsequent to the taking effect of the amended statute. We do not think what we said in Ex parte Mitchum, 91 Texas Crim. Rep. 62, referred to in the original opinion, is contrary to the holding of the cases above cited.

In our view it was incumbent upon the State, if it desired to charge this appellant with a felony, to have charged in the indictment that the offense was committed at some date subsequent to June 15, 1929. We further hold if the State desires to maintain this prosecution upon the indictment appearing in this record, said indictment will have to be transferred to the county court of Tom Green county, and this appellant tried thereunder as for a misdemeanor.

We might observe further that if there should be another trial of this case and the question arise, the State should not be allowed to introduce in evidence the will written by appellant while in jail, under arrest and apparently unwarned. A bill of exceptions was reserved to the action of the court in admitting such testimony. There is no difference in law between the admitting of a writing made by appellant while under arrest and unwarned, and the admission of his oral statement made under similar circumstances. McColloh, alias Scanlon v. State, 44 Texas Crim. Rep. 152, cites many authorities which are applicable.

Appellant's motion for rehearing will be granted, the judgment of affirmance set aside, and the judgment of the lower court will now be reversed and the cause remanded.

*Reversed and remanded.*