SAM CAPEHART V. THE STATE.

No. 22002. Delivered March 11, 1942.

The opinion states the case.

*Cunningham, Lipscomb & Cole,* of Bonham, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

GRAVES, Judge.

Appellant was convicted of driving an automobile on a public highway while intoxicated, and was fined $50.00 and sentenced to serve ten days in jail, the trial being had in the district court.

This offense was alleged to have been committed on May 10, 1941, and the indictment herein was returned on June 18, 1941. In the meantime, on June 17, 1941, the 47th Legislature passed, over the Governor's veto, H. B. No. 73, Chapter 507, page 819, at its regular Session, which went into effect immediately, the effect of which bill was to reduce the punishment for drunken driving from a felony to a misdemeanor, for the first offense.

In the present indictment there appears three paragraphs relative to such driving, the last two however being but a conglomeration of blanks not filled out in any way and not capable of being understood, except in saying that same appears to be a mimeographed or stereotyped form prepared for the purpose of alleging a second and third offense, with blanks left therein to be filled out with the dates and names of such prospective offenders, none of which blanks being thus filled. These two paragraphs being meaningless, we have but an indictment charging an offense that at the time same was presented was an ordinary misdemeanor, and as such triable alone in the county court of such county. See Art. 5, Section 16, of our State Constitution.

Doubtless the trial court, in retaining jurisdiction of this cause, was acting under Art. 13, P. C., of our State, which provides, in effect, that when the penalty for a violation of a statute has been changed and the punishment ameliorated, and trial is had after the change for an alleged violation occurring prior to the change, the accused may elect as to which penalty he shall be tried under, and upon a failure to so elect the trial court shall utilize the ameliorated penalty in charging on the punishment therefor. The court did thus charge the jury upon the ameliorated penalty, upon appellant's refusal to elect, and such would have been correct, except for the fact that the trial court had no jurisdiction of a misdemeanor.

We think appellant is correct when he says that if the penalty only had been changed in old Art. 802, P. C., denouncing driving while intoxicated, but same had still remained a felony,

as in the previous article, then Art. 13, P. C., would have applied, but when the offense itself was changed from a felony to a misdemeanor, we think the article and section of the Constitution above referred to would control, and by virtue thereof this first offense, being an ordinary misdemeanor, must perforce be transferred to and be trialable in the county court, unless such jurisdiction has been changed by legislative enactment as is sanctioned by the Constitution. See Whitsett v. State, 9 Tex. App. 198; Robles v. State, 41 S. W. 620, 38 Tex. Cr. R. 81.

Since the offense herein charged is now a misdemeanor, this indictment should have been transferred to the county court for trial.

The judgment is therefore reversed and the cause remanded with instructions to transfer such cause to the county court of Fannin County.