J. M. DONALD, ET AL, V. STATE

No. 33,211. April 19, 1961

WOODLEY, Presiding Judge, absent.

*Jouette M. Bonner,* Jacksboro, and *J. M. Donald,* (of Counsel) Bowie, for appellants.

*Leon Douglas,* State's Attorney, Austin, for the state.

DICE, Judge

This is an appeal by J. M. Donald and W. W. Higgins, as sureties upon the bail bond of Billy Jack Higgs from a final judgment of the district court of Dallam County forfeiting said bond.

The bond, dated July 23, 1959, in the penal sum of $500, was conditioned that the principal appear instanter before the district court of Dallam County to answer a felony charge against him.

Judgment nisi was entered on March 8, 1960. Scire facias was duly issued and served upon appellants. After answer filed and

hearing before the court, the judgment nisi was made final by order duly entered on December 16, 1960.

Appellants urged in the trial court and here contend that the district court was without jurisdiction on March 8, 1960, to declare a forfeiture of the bond because on such date the offense charged against the principal of willfully failing to support a minor child was a misdemeanor offense by reason of the amendment of Art. 602, V.A.P.C., by the 56th Legislature. Acts 1959, 56th Leg., p. 504, ch. 222#1. With such contention we agree.

The indictment returned against the principal on March 14, 1958, charged that the offense was committed on or about July 17, 1957. At the time the offense was alleged to have been committed, the offense was a felony under the provisions of Art 602, supra. The amendment of Art 602, supra, reducing the offense to a misdemeanor and ameliorating the penalty became effective August 10, 1959.

Under the constitution and laws of this state, the district court is given original jurisdiction in all criminal cases of the grade of felony. Art. 5, Sec. 8, Vernon's Ann. Texas Const.; Art. 54 V.A.C.C.P.

Original jurisdiction of all misdemeanors of which exclusive original jurisdiction is not given to the justice court, and when the fine to be imposed shall exceed two hundred dollars, is conferred upon the county courts. Art. 5, Sec. 16, Vernon's Ann. Texas Const.; Art. 56, V.A.C.C.P.

When the amendment of Art 602, supra, reducing the offense charged against the principal on the bond to a misdemeanor, became effective on August 10, 1959 the district court no longer had jurisdiction over the cause other than to transfer it to the proper court.

After the effective date of the amendment, it became the duty of the district court to transfer the cause to the county court of Dallam County for trial in accordance with the provisions of Art. 13, V.A.P.C., when punishment is ameliorated by a subsequent law. Fulton v. State, 116 Tex. Cr. R. 73, 34 S.W. 2d 281; Capehart v. State, 143 Tex. Cr. R. 496, 158 S.W. 2d 782; and Sheppard v. State, 145 Tex. Cr. R. 99, 166 S.W. 2d 346.

The district court, being without jurisdiction of the cause on March 8, 1960, the date the bond was declared forfeited, and

without authority to require appearance of the principal on such date, was without jurisdiction to adjudge a forfeiture of the bond. 8 Tex. Jur. 2d 187, Sec. 60; McGee v. State, 11 Tex. App. 520; and Morrow v. State, 86 Tex. Cr. R. 354, 216 S.W. 1100.

The judgment is reversed and the cause ordered dismissed.

Opinion approved by the Court.