Hall, Judge.
 

 It i» r<íI:H¡íteá, in this case, that. both !.ndii'ki’“nir’, are, for the
 
 same felonious h/hinp; of Vn<; mme [puds.
 
 Alie Fiefei’iilaiii is found guilty of a grand larceny. on that indioi.moni which ciiat-eyo a burglary and dcsitiuc;. ■*
 

 The other indiotraeni is for a robbery j a robbery i» a larceuy. hut of
 
 a
 
 atore agrrjnsvried kind. The first i» a simple larceny. The other f; a com pound or mixed b¡r-ceny, because it includes in it the r,;>;yrs>vati<m of a felonious faking
 
 front 11; r p-rsj.;.
 

 Now. suppose 1 iso IVfendatit should be tried, aud found gully on the second hidictineaf ? it must certainly follow. ¡beí be batí, been tried twice for 1 ho feloniously taking ef tho £U*.?a« aortls- it is true, if the first conviction is
 
 *100
 
 a bar to a trial on the second indictment, the prisoner would £o untried as to that which constitutes the diSerence between simple larceny and mixed and compound larceny, viz : a taking
 
 from the person.
 
 In such case, he would be convicted of a
 
 felonious
 
 taking, but not of a felonious taking
 
 from the person.
 
 Whereas, should he be tried and convicted on both indictments, it might be said he had been convicted twice of a
 
 felonious taking,
 
 and once of a felonious taking
 
 from the
 
 person, which I think would be at points with the principle, “ that no one should be twice put in peril for the same crime.” This principle, has such deep root in the criminal law, and is cherished by
 
 so many
 
 judicial decisions, that it is not deemed necessary to refer to any of them.
 

 I, therefore, think the conviction on the. first indictment for burglary and larceny, a good plea to a trial on the second indictment for robbery. I also thin!-: that the record of these proceedings, and the, admissions of the Attorney-General were sufficient to authorise the Judge below to
 
 discharge
 
 the prisoner. And, in this opinion, the rest of
 

 The Court
 
 concurred.