## State v. Layton.

1. **Intoxicating liquor:** FORMER CONVICTION. The offense of nuisance, under section 1564 of the Revision, is as complete by the doing of *either* of the acts prohibited by sections 1561, 1562 and 1563, as by the doing of *all*. Hence, an indictment charging the offense to have been committed at a particular time and place by *keeping* intoxicating liquor with intent to sell the same contrary to law, is the same accusation as that contained in another indictment charging the offense to have been committed at the same time and place by *selling* intoxicating liquor contrary to law; and a conviction under one indictment would be a bar to a prosecution under the other.

2. —— CASE NOT VARIED BY DIFFERENCE IN TIME. Nor would the case be varied by the fact that one of the indictments charged the offense to have been committed on the 1st of the month, while the other charged it as on the 15th of the same month, as under our statute as well as at the common law, the precise time at which the offense was committed need not be stated, and it may be shown to have been committed at any time prior to the finding of the indictment, though a particular time is specified.

*Appeal from Jefferson District Court.*

THURSDAY, JUNE 25.

INDICTMENT for nuisance. Plea not guilty and former conviction. Verdict and judgment for defendant. The State appeals.

*H. O'Connor*, Attorney-General, for the State.

*D. P. Stubbs* and *Negus & Culbertson* for the appellee.

COLE, J.— On the 9th day of September, 1867, the grand jury of Jefferson county returned into court two bills of indictment for nuisance against the defendant W. D. Layton. They were placed upon the criminal docket by the clerk and numbered respectively 138 and 140. At the succeding January Term of said court, and on the second day thereof, the first of said causes, No. 138, was regularly called for trial, being an indictment for " causing a nuisance, committed as follows : The said W. D. Layton on the 15th day of August, A. D. 1867, in the county aforesaid, unlawfully did use a certain building then and there situate and under the control of him, the said W. D. Layton, for the purpose of keeping intoxicating liquors * * * with intent to sell, etc." To this indictment the defendant pleaded guilty and waived time for sentence. Thereupon the court fined him fifty dollars and ordered " that he stand committed until said fine is paid, not to exceed fifteen days."

On the same second day of said term this cause, No. 140, was also called for trial. The indictment in this being the same as in No. 138, except that it charged that the building was used on the 1st day of August, A. D. 1867, " for the purpose of selling intoxicating liquors, etc." To this indictment the defendant pleaded not

guilty and also a former conviction. Upon the trial the court charged the jury that " if you find that the building for the use of which, for the purpose of the unlawful traffic, defendant has already been punished, was the same building, and was kept and used at the same place, as the one for the use of which, for the purpose of selling intoxicating liquors therein in violation of law, about the 1st of August, 1867, he is now on trial; and further find that there has been only one continuous use thereof, and that such continuation includes both of the acts which the State relies upon to support the two indictments, and that both of said acts were committed before any prosecution of defendant for such unlawful use of said building, — then the conviction in the one is a bar to a prosecution in the other, and you should return a verdict for the defendant." The jury returned a verdict of not guilty. The giving of this instruction is the only error assigned.

Our statute provides a penalty for making intoxicating liquor contrary to law (Rev. §. 1561), and for selling it contrary to law (Rev. § 1562), and for keeping it with intent to sell contrary to law (Rev. § 1563); and then provides (Rev. § 1564), that "whoever shall erect, or establish, or continue, or use any building, erection or place for any of the purposes prohibited in said three preceding sections, shall be deemed guilty of a nuisance, and may be prosecuted and punished accordingly in the manner provided by law.

The offense charged would be complete by the manufacturing, selling or keeping for sale, contrary to the provisions of the act, in the building specified ; nor would it be any more the offense, if the accused manufactured, sold, *and* kept for sale. The offense is equally well charged by specifying any one of the three acts, as ' by specifying all; and where the offense is charged to have been committed by the doing of all three of the prohibited

acts, there is but the one offense charged, to wit, nuisance. *The State* v. *Becker*, 20 Iowa, 438; *The People* v. *Townsend*, 3 Hill, 479.

If the offense is charged to have been committed by doing all three of the acts, it would, nevertheless, be sufficiently shown by proof of the doing of any one of them. And it would follow from this, that an indictment charging the offense to have been committed at a particular time and place by keeping intoxicating liquors with intent to sell the same contrary to law, would be the same accusation as an indictment charging the offense to have been committed at the same time and place by selling intoxicating liquors contrary to law; for the offense is complete by the doing of either, and it is no more than complete by the doing of both; hence the difference between the two indictments, as to the manner in which the offense is charged to have been committed, the one by selling, the other by keeping with intent to sell, does not make the same two offenses, nor does it have any legitimate bearing in determining whether the two indictments charge different offenses.

The only other difference between the two indictments is, that the one under which the defendant was convicted charges the offense to have been committed on the 15th day of August, 1867, and the other, being this case, charges it to have been committed on the 1st day of August, 1867. Now, by an express provision of our statute, as well as by the common law, the precise time at which the offense was committed need not be stated; it is sufficient if it alleges that the offense was committed prior to the finding of the indictment, except where time is a material ingredient of the offense. Rev. § 4655.

And, of course, the proof may show the offense to have been committed at any time prior to the finding of the indictment and within the period of the statutory limita-

tion, although a particular time is specified in the indictment. It is clear, therefore, that under the first indictment tried, which charged the offense on the 15th day of August, proof may have been introduced showing the offense on the 1st day of that month. Hence, it was not determinable, from the indictment in this case itself or upon its face, that it charged a different offense from that upon which the defendant had been convicted.

The District Court, by the instruction complained of, left it to the jury to determine, as a matter of fact, upon the evidence, whether the use for the unlawful traffic specified in the indictment first tried, was the same continuous use with that specified in this indictment and embracing both the acts charged, and whether both were committed before any prosecution commenced, and if so, then the jury should acquit. It seems to us that there can be no reasonable question as to the correctness of this instruction. If there was, in fact, but one offense, one conviction should suffice. The law abhors even the splitting of civil actions ; and if a party sues for and recovers a part of a continuous account, such recovery is a bar to a second suit though for another part of the same account. And *a fortiori* such splitting of actions or offenses should not be allowed in criminal proceedings. Of course there can be no question as to the right of the State to prosecute a second indictment for acts done after the finding of the first. 1 Wharton's Crim. Law, § 548. See also, as to the main question, *Ward* v. *Corporation of Wash.*, 4 Cranch C. C. 232, — where it was *held*, that, in an ordinance which provided that any person who should, without license, erect or use a brick or lime kiln, should incur a penalty of ten dollars for every week he continued to use the same, but one prosecution could be maintained, although the kiln was used for several weeks, and that the offense could not be divided into several parts accord-

ing to the number of weeks the defendant had continued
to use the kiln.

Affirmed.