The State v. O'Mally.

---

## THE STATE v. O'MALLY.

48 501
96 295

1. **Criminal Law:** PLEADING. An indictment charging the defendant with "wilfully and maliciously verbally threatening to kill and murder" another is sufficient, notwithstanding it does not set out the words used.

2. ———: ———. The gist of the offense being the threat, the fact that it was directed against two persons would not constitute it two offenses.

*Appeal from Fayette District Court.*

FRIDAY, JUNE 7.

THE defendant was indicted for threatening verbally to kill Zenana Staats and F. S. Wood, with the intention of thereby causing them to leave their home against their will. Upon a trial he was convicted, and fined in the sum of ten dollars. He now appeals to this court.

*Ainsworth & Hobson* and *Rickel & Clements*, for appellant.

*J. F. McJunkin, Attorney General*, for the State.

BECK, J.—I.  Counsel for the defendant insist that the indictment is bad for the reason that, as it does not set out the threatening words used by defendant, it alleges a legal conclusion.   The language of the indictment is, that defendant did "wilfully and maliciously verbally threaten to kill and murder Zenana Staats and F. S. Wood." This is not the allegation of a legal conclusion, but of the act of defendant, and is sufficient without setting out the words used.   The words of the defendant were not the gist of the offense, which is found in the intention of defendant to convey thereby a threat.   The threat should be averred, and may be shown by the words used.

1. CRIMINAL law: pleading.

II.   It is insisted the indictment charges two offenses, inasmuch as it is alleged that the threat was made against two persons.   As we have said, the gist of the offense is the threat.   It is shown to have been directed against two persons.   Two threats are not alleged, but one threat against two persons.   This constitutes but one offense.

2. ——: ——.

III.   It is urged that the evidence fails to show a threat against two persons.   We think there was testimony to that effect, and that the jury were authorized so to find.

.  IV.   The defendant asked the court to instruct the jury that the threat charged in the indictment could not be established by proof of acts other than words spoken or written, or printed communication.  This instruction was properly refused, for the reason that it is erroneous, and therefore would have been, if given, prejudicial to defendant.   The indictment charges the threat to have been made verbally, and could not have been supported by evidence of a written or printed communication.

An instruction given was to the effect that to authorize conviction the State must prove the threat as charged in the

indictment. The jury were, thereby, sufficiently informed that menaces by gestures or the like, if shown, should not be considered by them.

V. The testimony sufficiently supports the verdict.

AFFIRMED.