## THE STATE v. MIKESELL.

1. **Criminal Evidence:** CORROBORATION OF ACCOMPLICE: ROBBERY. Defendant was on trial for robbery, and a witness testified that defendant and himself were the persons who had committed the crime, and that one S. was implicated in it. *Held* that this testimony was not enough to convict defendant, without other testimony tending to connect him with the crime; (Code, § 4559;) and that the fact that the defendant, witness and S. were seen talking together a few hours before the crime was committed, and the testimony of S.'s wife, that S. told her that the robbery was committed by witness and defendant, (which testimony should have been excluded as hearsay,) did not amount to such corroborating evidence as the statute requires.

2. **Criminal Law:** ROBBERY: FORMER ACQUITTAL ON CHARGE OF LARCENY. Where defendant was charged with robbery, under § 3858 of the Code, committed by taking money from a dwelling house, a former acquittal on an indictment for the larceny of the same money, under § 3903 of the Code, *held* a bar to the prosecution for robbery, because the crime of robbery, as charged, could not have been committed without the commission of larceny, as an included, but inferior, offense.

*Appeal from Marion District Court.*

TUESDAY, DECEMBER 7.

INDICTMENT FOR ROBBERY. The defendant was convicted of the crime of robbery, and sentenced to a term of imprisonment in the penitentiary, and from that judgment he appeals.

*Anderson & Kinkead*, for defendant.

*A. J. Baker, Attorney-general*, for the State.

REED, J.—The offense of which the defendant was convicted was committed on the night of the twenty-third of June, 1882. The victim of the crime is one Christopher Wagner, who, at the time of its commission, was over eighty years old. He lived alone, in the country, and on the night in question his house was entered by two masked men, who

were armed with revolvers, which they pointed at him, and demanded his money. He accompanied them to his cellar, and there took $345 from a place of concealment, and delivered it to them. They then bound and blindfolded him, and demanded that he should disclose to them the place of concealment of other money which they claimed he had about the house, and he accordingly told them of another place where he had some money concealed. They searched the place designated by him, and there found about $38, which they took. They then went away, leaving him bound and blindfolded. At the August term of the district court following, an indictment was returned against the defendant, in which he was accused of the crime of larceny from a dwelling house in the night time, committed, as was averred, by stealing the money in question from the dwelling house of said Christopher Wagner. He was tried on that indictment at a subsequent term of the court, and acquitted. The present indictment was returned at the January term, 1885. In addition to his plea of not guilty, defendant pleaded his acquittal on the former indictment in bar of the prosecution. A demurrer to the plea of former acquittal was interposed by the district attorney, and sustained by the court.

I. Wagner was examined as a witness on the trial, but he did not undertake to identify the defendant as one of the persons who committed the crime. At the August term, 1882, of the district court, an indictment was returned against one James Hevlin, by which he was accused of said robbery. He was subsequently tried and convicted of the crime, and sentenced to a term of imprisonment. The state introduced Hevlin as a witness on the trial of the defendant, and he testified that he and defendant were the persons who committed the robbery, and that one Stodgell was concerned in the commission of the crime, although he was not personally present at the time. This is the only evidence which tends directly to connect the defendant with the transaction. It is

*1. CRIMINAL evidence: corroboration of accomplice: robbery.*

therefore important to inquire whether Hevlin was corroborated in the respect required by the statute.

The district court instructed the jury that defendant could not be convicted on the testimony of Hevlin, unless he was corroborated by such other evidence as tended to connect him with the commission of the offense. The instruction was substantially a quotation from the statute. Code, § 4559. We have examined the record with care, and have been unable to find any evidence whatever, except the testimony of Hevlin, which tends to connect the defendant with the crime. One witness testified that he saw defendant and Hevlin and Stodgell together about four o'clock in the afternoon of the twenty-third of June, at a place some three miles from Wagner's residence, and that they appeared to be conversing together. The crime was committed some four or five hours after that. Clearly, the fact that he was seen in conversation with Hevlin, at that time and place, had no tendency to prove that he participated in the crime. The wife of Stodgell testified, in effect, that she had heard her husband say that the robbery was committed by Hevlin and defendant, and that they had given him part of the money taken from Wagner. But this was mere hearsay, and should have been excluded. We think the verdict should have been set aside as being unsupported by evidence.

II. We will now consider the question raised by the demurrer to defendant's plea of former acquittal. The offense of which he was accused in the former indictment is defined by § 3903 of the Code, which is as follows: "If any person, in the night time, commit larceny in any dwelling house, * * * when the value of the stolen property exceeds the sum of twenty dollars, he shall be imprisoned in the penitentiary not exceeding ten years. * * *" The offense of which defendant was convicted is defined by § 3858, as follows: "If any person, with force or violence, or by putting in fear, steal and take from the person of another any prop-

2. CRIMINAL law : robbery : former acquittal on charge of larceny.

erty which is the subject of larceny, he is guilty of robbery, and shall be punished," etc.

It will be observed that larceny is an essential element of both offenses. In the one case, the larceny is committed in a dwelling house in the night time; in the other, the property is taken from the person of another, and the taking is accomplished with force or violence, or by putting the party in fear. Under § 4466, a defendant who is tried on an indictment which charges him with the commission of either of those crimes might be convicted simply of the larceny of the property described in the indictment; for the commission of that offense would necessarily be included in that with which he was charged, and an acquittal of either of those crimes is likewise an acquittal of the larceny of the property, and a bar to an indictment for that offense. Section 4365. The acquittal of defendant on the former charge, then, is a judicial determination that he was not guilty of the larceny of the property described in that indictment, which is the same property that is described in the indictment on which he was convicted. That acquittal is a bar, not only to an indictment for the larceny of the property, but for any other offense of which such larceny is an essential element. It has been held that an acquittal for manslaughter is a bar to an indictment for murder; (*Scott v. U. S.*, Morris, 142; *Hurt v. State*, 25 Miss., 378; *Burns v. People*, 1 Parker, 182;) and the reason of that holding is that the acquittal is a judicial determination that the defendant did not unlawfully take the life of the deceased, and consequently was not guilty of any offense of which such unlawful killing is a necessary element. The present case is clearly within the principle of that holding.

The judgment will be reversed, and the cause remanded.

REVERSED.