## THE STATE v. STONE.

1. **Criminal Law**: OBTAINING PROPERTY ON FALSE PRETENSES : FORMER ACQUITTAL. A trial resulting in an acquittal upon an indictment for uttering and publishing as true a certain false and forged note and chattel mortgage, is a bar to a subsequent prosecution on an indictment for obtaining property, in exchange for said note and mortgage, upon false pretenses, where the transaction relied on in both indictments is the same.

2. **Instructions**: NOT WARRANTED BY THE EVIDENCE. An instruction as to the legal effect of a fact of which there is no evidence is erroneous.

*Appeal from Cass District Court.*—HON. A. B. THORNELL, Judge.

FILED, SEPTEMBER 10, 1888.

THE defendant was indicted, tried and convicted for obtaining property by false pretenses, and he appeals.

*Rockafellow & Scott*, for appellant.

.   *A. J. Baker*, Attorney General, for the State.

ROTHROCK, J.—The defendant pleaded not guilty, and also a former acquittal of the offense charged in the indictment. The false pretenses set out in the indictment were, that the defendant falsely represented to one Thompson that he was the owner of a note and a chattel

1. CRIMINAL law : obtaining property on false pretenses : former acquittal.

mortgage upon certain cattle, executed by one Burdett, and that Burdett resided in Cass county, and that the mortgaged property was in said county ; that said representations were made to one Thompson, and that he was induced thereby to exchange a spring-wagon for said note and mortgage, which it is alleged are false and forged instruments. It appears that at a previous term of the court the defendant was tried and found not guilty upon an indictment charging him with uttering and publishing as true a certain false and forged note and chattel mortgage. The note and mortgage are the same in both indictments. In the former indictment the defendant was charged with uttering and publishing them as genuine, and in the indictment in this case he was charged with representing them to Thompson as genuine, and the uttering and publishing and the false pretenses involve the identical trade or transaction with Thompson. The court instructed the jury that if the transactions were identical, the defendant could not be convicted upon the alleged representation that the note and mortgage were the genuine and valid obligations of Burdett. But the court further instructed the jury that

2. INSTRUCTIONS: not warranted by the evidence. if the representations that Burdett resided in Cass county, and that the mortgaged property was in said county, were made by the defendant, and were known by him to be false, and that by means thereof he obtained the wagon from Thompson, he was guilty. We do not think this instruction was warranted from any evidence in the case. It is to be observed that the court practically took from the jury the alleged representations as to the genuineness of the note and mortgage. If this was not done in terms, it ought to have been done, because the evidence is uncontradicted that the two indictments were founded upon the same transaction. There is no evidence in the case by which the jury could fairly find that Thompson was induced to part with his wagon by reason of the representation that Burdett resided in Cass county, and that the mortgaged property was in said county. Indeed, it was not so much a question with

Thompson where the mortgaged property was, and where the mortgagor resided, as it was whether the note and mortgage were genuine instruments. Other questions are made by counsel which we need not determine. The judgment will be reversed because the verdict is not supported by the evidence.

REVERSED.