STATE OF IOWA, Appellant, v. JACK WHITE.

123   425
143   588

Gambling: FORMER CONVICTION. Gambling and keeping a gambling house are distinct offenses, and a conviction for one will not bar a prosecution for the other offense.

*Appeal from Boone District Court.*—HON. J. H. RICHARD, Judge.

TUESDAY, APRIL 5, 1904.

THE defendant was indicted for gambling in December, 1902, and put on trial in March following. He pleaded "Not guilty," and that he had previously been convicted of the same offense. Verdict of guilty was returned, whereupon the defendant moved that he be discharged, for that he had been indicted for the crime of keeping a gambling house, in which the gambling charged was alleged to have been committed at the same term of court the indictment under which he was being tried was returned, and he had been convicted on a plea of guilty. The court sustained this motion and discharged the defendant. The state appeals.—*Reversed.*

*Chas. W. Mullan,* Attorney General and *Lawrence De Graff,* Assistant Attorney General, for the State.

No appearance for appellee.

LADD, J.—Keeping a gambling house and gambling are distinct offenses. A person guilty of keeping a gambling house may not be guilty of gambling, and one may be guilty of gambling without having any connection with the house. The essence of the former offense is the keeping of the place for the purpose of gambling, or the permission of gambling

in a place under the care or control of the accused, as appears from section 4962 of the Code, defining it: "If any person keep a house, shop or place resorted to for the purpose of gambling, or permit or suffer any person in any house, shop or other place under his control or care, to play at cards, dice, faro, roulette, equality, or other game, for money or other thing, such offender shall be fined in a sum not less than fifty nor more than three hundred dollars, or be imprisoned in the county jail, not exceeding one year, or both. In a prosecution under this section any person who has the charge of, or attends to any such house, shop or place is the keeper thereof." Proof of participation in the play is not essential to conviction. But under section 4964 of the Code, providing that "if any person play at any game for any sum of money or other property of any value, or make any bet or wager for money or other property of value, he shall be guilty of a misdemeanor," in order to convict, he must be shown to have joined in the game, or to have participated in the betting or wagering of money or other property. Evidence, then, which would support the charge of keeping a gambling house, might not even implicate the proprietor in playing the unlawful games, while that sufficient to convict of gambling might not point out any one as in control of the house. The test oftenest applied in determining whether a prosecution is barred by a judgment under a former indictment is whether, if what is set out in the second indictment had been proven under the first, there could have been a conviction. *State v. Webber,* 76 Iowa, 686; *State v. Waterman,* 87 Iowa, 255. Applying this test, it is manifest that the former conviction was not good as a plea in bar, and this appears to have been the view entertained by other courts. *Tuberson v. State,* 26 Fla. 472 (7 South. Rep. 858); *De Haven v. State,* 2 Ind. App. 376 (28 N. E. Rep. 562). See *State v. Mosby,* 53 Mo. App. 571; *Tutt v. State* (Tex. Cr. App.) 29 S. W. Rep. 258.

The trial court seems to have based its decision upon a finding that the specific acts of gambling proven in the case

on trial were those relied on for conviction of the offense of keeping the gambling house. Proof of these alone, however, would not have been enough to convict the accused of that crime. The additional element of control or care of the place or building where the gambling occurred was essential. Incidentally the offense of gambling may have been proven in establishing the keeping of a gambling house, but it was not a degree of that crime, nor an included offense, of which an accused on trial therefor might have been convicted. That evidence of one offense may be introduced in establishing guilt of another does not fix the identity of the two, nor necessarily indicate that one is included within the other.— REVERSED.