STATE OF IOWA, Appellee, v. J. W. BRODERICK, Appellant.

CRIMINAL LAW:  Acquittal of Burglary no Bar to Charge of Receiving Stolen Property.  An acquittal of a charge of breaking and entering a building is no bar to a prosecution for feloniously receiving property stolen from said building by means of breaking and entering.

*Appeal from Woodbury District Court.*—C. C. HAMILTON, Judge.

JUNE 21, 1921.

VERDICT of jury finding defendant guilty of the crime of receiving stolen property.  Defendant entered a special plea of former jeopardy, by virtue of an acquittal on an indictment charging breaking and entering, based on the same transaction. From the ruling of the court on the special plea and the judgment entered on the verdict, defendant appeals.—*Affirmed.*

*T. P. Cleary* and *C. R. Jones,* for appellant.

*Ben J. Gibson,* Attorney General, *Bruce J. Flick,* Assistant Attorney General, and *O. T. Naglestad,* County Attorney, for appellee.

DE GRAFF, J.—Former jeopardy is an ancient and venerable plea, and is embodied in the fundamentals of the common law.  Coke expressed it, *"Nemo debet bis puniri pro uno delicto."*  Modern constitutions and statutes declare it, "No person shall, after acquittal, be tried for the same offense," and "A conviction or acquittal by a judgment upon a verdict shall bar another prosecution for the same offense."  Constitution of Iowa, Article 1, Section 12; Section 5339, Code of Iowa.

A court should so apply this guaranty as to protect the citizen from vexatious criminal procedure, and at the same time not defeat the primary purpose of our penal law, which, apart from its reformatory aspect, has in view the twofold aim of protecting society and deterring criminal acts.

In the case at bar, there is presented this question: Does an acquittal of the defendant on an indictment for the offense of breaking and entering a building constitute a bar to a prosecution on an indictment against him for receiving stolen property, it being conceded that the goods, chattels, and merchandise alleged to have been received by the defendant resulted from a larceny of said goods and chattels from the building so broken and entered?

"When a defendant has been convicted or acquitted upon an indictment for an offense consisting of different degrees, the conviction or acquittal shall be a bar to another indictment for the offense charged in the former or for any lower degree of that offense, or for an offense necessarily included therein." Code Section 5340.

It is apparent that the offense of receiving stolen property is not a lower degree of the offense of breaking and entering a building, nor is it an offense necessarily included therein.

It is well established that an act may constitute two or more crimes for which the perpetrator may be lawfully indicted and punished. A conspiracy to commit murder may involve evidence sufficient to base a prosecution, not only for the crime of conspiracy, but also for murder, if a homicide resulted. An acquittal of larceny is not a bar to a prosecution for burglary or for breaking and entering with intent to commit larceny. *State v. Ingalls,* 98 Iowa 729.

The forgery of an instrument and the uttering of the instrument are distinct offenses, and the acquittal of the crime of uttering is not a bar to a prosecution for the forgery. *State v. Blodgett,* 143 Iowa 578; *State v. Bigelow,* 101 Iowa 430. The keeping of a gambling house and gambling are distinct offenses, although based on the same transaction. *State v. White,* 123 Iowa 425.

True, the law does not recognize the splitting of actions or offenses. *State v. Layton,* 25 Iowa 193, 197. Where a person at the same time and by the same act passed four forged checks, he was guilty of but one offense, and a conviction for uttering one of the checks is a bar to a conviction on the others. *State v. Egglesht,* 41 Iowa 574.

The stealing of several articles at the same time and in the

same act from the same person constitutes but one transaction, and is one act of larceny.

It is clear that the prohibition of the statute and of the Constitution is against a second jeopardy for the same offense: that is, for the identical act and crime. It is stated in some decisions that, to entitle a defendant to plead successfully former jeopardy, the offense charged in the two prosecutions must be the same, in law and in fact. *State v. Norman,* 135 Iowa 483.

If the offenses are distinct in point of law, the plea will not avail, however nearly they may be connected in point of fact. The test, then, is not whether the defendant has already been tried for the same act, but whether he has been put in jeopardy for the same offense, which means the same criminal act, transaction, or omission. No specific test may be prescribed, but the safest general rule is that the two offenses must be, in substance, precisely the same, or of the same nature or of the same species, so that the evidence that proves the one would prove the other; or, if this is not the case, then the one crime must be an ingredient of the other. *State v. White,* 123 Iowa 425; *State v. Caywood,* 96 Iowa 367; *State v. Foster,* 33 Iowa 525.

It may be said that, if the facts which will convict on the second prosecution would not necessarily have convicted on the first, then the first would not be a bar to the second, although the offenses charged may have been committed in the same transaction. The ''same evidence test'' is not infallible, but may be accepted as true only in a general sense. While the difference of evidence conclusively establishes the distinctness of the accusations, it does not follow *e converso* that two indictments are identical in their accusations, although the same evidence may be legally competent and sufficient to sustain each; because two crimes may be committed in the course of one and the same transaction.

It does not require the analytic mind or the application of the rules of logic to differentiate and distinguish between the crime of breaking and entering and the crime of receiving stolen property. The mere statement of definition is sufficient, and the conclusion is at once affirmed that they are distinct and independent statutory offenses.

In the following cases, a conviction or an acquittal of the

crime first enumerated was held no bar to a prosecution for that coupled with it, although both were involved in the same act or transaction: Robbery and burglary, *Copenhaven v. State,* 15 Ga. 264; burglary and receiving stolen goods (statutory), *Allen v. State,* 76 Tex. Cr. 416; burglary with intent to steal and receiving stolen goods, *Pat v. State,* 116 Ga. 92, *Commonwealth v. Bragg,* 104 Ky. 306; larceny and receiving stolen goods, *Foster v. State,* 39 Ala. 229, *People v. Disperati,* 11 Cal. App. 469 (105 Pac. 617), *State v. Fink,* 186 Mo. 50.

The judgment of the trial court entered on the verdict is— *Affirmed.*

EVANS, C. J., WEAVER and PRESTON, JJ., concur.